## TAYLOR *vs.* THE STATE.

48   157
134   145

[INDICTMENT FOR PERJURY.]

1. *Charge to jury; when inapplicable to evidence or assuming truth of, may be refused.*—A charge that is inapplicable to the issue, and calculated to mislead the jury, should be refused. So, too, a charge that assumes the truth of the evidence, and withdraws from the jury the consideration of its credibility, ought to be refused.

2. *Objection improperly overruled to question asked witness; when not injury.*— Where an objection to a question proposed to a witness is improperly overruled, if the question be not answered, it is an error without injury.

3. *Perjury; not necessary to prove oral testimony ipsissimis verbis, on which perjury is assigned.*—On a trial for perjury, in proving what the prisoner orally testified, it is not necessary that it be proved, *ipsissimis verbis;* it is sufficient to prove substantially what he said.

Taylor v. The State.

APPEAL from the City Court of Mobile. Tried before Hon. C. F. MOULTON.

The opinion states the case.

W. W. D. TURNER, for appellant.—The court erred in refusing the instruction asked for by the accused on the trial of the plea of misnomer.

It is a man's *right* to be tried by his real or right name. The charge should have been given, because proof was conclusive that his name was Granville Taylor, and he was never known as Henry Taylor, except upon the one occasion upon which it is alleged the offense of perjury was committed.

If he committed perjury under the name of Henry Taylor, which was false and fictitious, he could still have been convicted by his right name of Granville Taylor.

The charge asked for could not have operated to the prejudice of the State, but would have enabled the accused to have been tried by his right name.

The court erred in allowing the witness Faith to testify to the substance of what the accused swore to before the justice at the time it was alleged the perjury was committed.

Unless the witness could remember the precise language of the accused, he would have but little chance to defend himself.

JOHN W. A. SANFORD, Attorney-General, *contra.*—1. The first charge asked was calculated to mislead the jury on a false issue. It also assumed the truth of the testimony of defendant's witnesses, and took away from the jury the right to determine for themselves the credibility of the witnesses.

2. The question objected to was not answered. No injury could have been done the defendant by the ruling of the court on this point, if it be admitted that the ruling was erroneous.

3. The substance of the false testimony was all that was necessary to be proved.—3 Greenl. Ev. § 194.

Taylor v. The State.

PECK, C. J.—The indictment charges the appellant with the crime of perjury, on his examination in a proceeding for vagrancy, before a justice of the peace, against one Carrie M. Ward. The indictment is against him by the name of Henry Taylor, and he pleaded in abatement that his name was Granville Taylor, and not Henry Taylor, as charged in the indictment, nor had he ever been known by that name. The State took issue on said plea, and on the trial of said issue the State proved by a number of witnesses that they were present and heard the accused answer to the name of Henry Taylor; that he swore out the warrant of arrest in the name of Henry Taylor, signing his name as Henry Taylor; and on the trial of the case, in which said warrant was issued, he said his name was Henry Taylor, and answered to his name as Henry Taylor on the trial of the case before the justice, in which it was alleged the perjury was committed.

The accused then put a number of witnesses on the stand, who testified that they had known the accused a number of years, and had never known him to be called, or known, by any other name than that of Granville Taylor, and that his name was Granville Taylor. Among these witnesses was one Benjamin Abrams, who testified that he had known the accused, intimately, ever since he was a little boy, and that he knew his name was Granville Taylor, and had never heard him called by any other name.

When the evidence on said issue was closed, the accused asked the court, in writing, to charge the jury as follows, to-wit: "The defendant asks the court to charge the jury, "that any one wrongful act, on the part of the accused, by "an assumed or fictitious name, will not authorize the jury "to infer that that is his right name, in opposition to the "positive testimony of witnesses, who swear positively to "his right name."

This charge the court refused to give, and the accused excepted.

The court committed no error in refusing to give this charge. It was inapplicable to the issue, and well calcu-

lated to mislead the jury. The issue was not that the name of the accused was Henry Taylor, but that his name was Granville Taylor, *and that he had never been known by the name of Henry Taylor*. Now, if all that the charge asked had been admitted, it would not have authorized the jury to find the issue in favor of the accused, but, if the charge had been given, the jury might have been misled, and believed that it did. Another objection to this charge is, that it assumed the truth of the evidence on the part of the accused, and, in effect, withdrew from the jury the consideration of its credibility.

The verdict of the jury was against the said plea in abatement, and, thereupon, the accused pleaded not guilty. On the trial, the State introduced a witness, and asked him what was the nature of the proceedings, before Justice Burns, at the time it was alleged the accused committed the crime of perjury? To this question the accused objected, and insisted upon the production of the record, as the best evidence. The court overruled the objection, and he excepted. The question does not appear to have been answered. Therefore, if it be conceded the question was improper, the accused was not thereby prejudiced, and if the court erred, it was an error without injury. The witness then proceeded to testify to the substance of what the accused said, at the time it was alleged he committed the crime of perjury, and stated that he could not pretend to repeat the identical language of the accused, &c. The accused objected to the witness testifying to the substance of what he said, upon the occasion referred to. His objection was overruled, and he excepted. There was no error in overruling this objection.

Mr. Greenleaf says: "In proving what the prisoner "orally testified, it is not necessary that it be proved *ipsis-* "*simis verbis;* nor that the witness took any note of his "testimony; it being deemed sufficient to prove *substan-* "*tially* what he said, on the point in hand."—3 Greenleaf Ev., § 194.

The accused was convicted and sentenced to be imprisoned two years in the penitentiary.

The foregoing are the only questions made in the bill of exceptions, and we find no errors in the other parts of the record.

Let the judgment of the court below be affirmed at appellant's costs.