# Alabama Western Railroad Co. v. Downey.

## *Assumpsit.*

(Decided May 30, 1912. 58 South. 918.)

1. *Evidence; Former Trial; Mode; Stenographer's Notes.*—While the main purpose of section 5, Acts 1900-01, p. 2256, is to make such transcript or notes control on the settlement of the bill of exceptions, such is not its only purpose, and when construed in connection with section 3986, Code 1907, it makes such transcript competent, but not conclusive, evidence on a subsequent trial of the same case as to what witnesses testified to on the first trial, who at the time of the second trial are beyond the reach of process.

2. *Statutes; Title; Subject.*—The construction of section 5, Acts 1900-01, p. 2256, as to make the transcript of the official stenographer therein provided for competent evidence as to testimony of the absent witness on a subsequent trial, does not render the same invalid as including a subject not germain to that expressed in the title ·of the act; such provision being naturally implied in the title.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Daniel Downey against the Alabama Western Railroad Company for work and labor done. Judgment for plaintiff, and defendant appeals. Affirmed.

[Alabama Western Railroad Co. v. Downey.]

The only question presented by the assignment of error is the action of the trial court in admitting the stenographic report of the evidence of Ben Talley, C. H. Roehrig, and Baxter L. Brown as witnesses for the plaintiff, under the circumstances as shown by the opinion.

PERCY, BENNERS & BURR, for appellant. Counsel contend that if section 5, Local Acts 1900-01, p. 2256, be construed as authorizing the admisison of the stenographer's notes or certified transcript to show the testimony of witnesses taken on a former trial who are now beyond the reach of process, then said section is unconstitutional as being upon a subject not germane to the title of the act.—*Lindsey v. U. S. S. & L. Assn.,* 120 Ala. 156; *Patton v. State,* 160 Ala. 111; *State v. Miller,* 158 Ala. 59. The courts never give an act such a construction as will render it unconstitutional and void if any other reasonable construction can be given.

CHARLES J. DOUGHERTY, and HARSH, BEDDOW & FITTS, for appellee. No brief reached the Reporter.

SAYRE, J.—On the trial of a suit brought by appellee against appellant for the contract price of work and labor done, plaintiff was permitted to use in evidence the confessedly relevant and material testimony of three witnesses who had been examined and cross-examined upon a former trial of the same cause upon identical issues, which trial for some reason not appearing had not determined the cause. The testimony so used was reproduced and authenticated as follows: It had been taken down in shorthand by one Magee, who was shown to have done so while acting as a duly appointed and sworn assistant official stenographer of

Jefferson county under and by authority of the act of March 4, 1901, entitled, "An act to provide an official stenographer for Jefferson county and to prescribe his duties and compensation."—Local Acts 1900-01, p. 2255 et seq. Appended to the transcript of the testimony was a certificate shown to have been signed by the said Magee, in which he certified that he had correctly reported stenographically the testimony on the former trial, and that the transcript thereof was full, true, and correct. It was shown without dispute that both the witnesses whose testimony was offered and the stenographer were at the time of the trial without the state, and lived without the state and beyond the reach of process, though this, so far as concerned the absence of the stenographer, may have been of no consequence.

Section 5 of the act to provide an official stenographer for Jefferson county reads as follows: "That the shorthand notes taken by such official stenographer or his assistants and the transcript thereof, when such notes are transcribed into longhand and certified to be correct by the stenographer taking the shorthand notes, shall be evidence of the correctness thereof, and shall control in the event of disagreement relative to the matter reported." The act also provided for the appointment of assistants who should take the oath of office prescribed for the official stenographer, and perform his duties under certain conditions. The contention for appellant is that the act does not make the transcript of the stenographer's notes self-proving, except for the settlement of bills of exceptions. Doubtless that was the leading idea in the mind of the Legislature when the act was passed, unquestionably so in respect to that part of it which provides, with doubtful effect, that the transcript shall control in the event of disagreement relative to the matter reported. But

[Alabama Western Railroad Co. v. Downey.]

that such was the only purpose no language of the act requires us to hold. There was and is a general statute which provides that certified copies of "papers, required to be kept by any officer of this state, and transcripts from the books and proceedings required to be kept by any sworn officer of the state, are presumptive evidence in any case."—Code, § 3986. This and the act providing for the official stenographer and prescribing his duties made the transcript proper, though not conclusive, evidence of what had been sworn by the witnesses on the former trial.

It is also insisted that the construction we have given the act in respect to the general evidential competency of the certified transcript would render the act unconstitutional in part for that the provision, so construed, would not be germane to the subject expressed in the title of the act, which was, "To provide an official stenographer for Jefferson county and to prescribe his duties and compensation." The provision in question, as we have construed it, is as close kin to, and as naturally implied in, a title stating the subject-matter to be a provision for an official stenographer as any other provision of the statute. The purpose of all stenography is to provide a memorial, evidence, in some sort a copy, of oral discourse. An act providing for a stenographic report of testimony in a court proceeding which did not go further and affix to it an official character, lay down the conditions upon which it should be received in evidence, and with what effect, would be a lame and impotent effort. We are unable to see that the introduction into the body of the act of such provision constituted surprise or fraud upon the legislative mind which had been prepared by the title. The contention is overruled.

Under the circumstances shown, the stenographer's certified transcript of the testimony of the absent witnesses was properly received as a competent reproduction of what they had sworn on the former trial.

Affirmed. All the Justices concur.