'[Todd v. The State.]

# Todd v. The State.

## Perjury.

(Decided June 1, 1915.  69 South. 325.)

1. *Evidence; Documentary; Stenographic Report.*—Under Acts 1909, p. 266, sections 3 and 7, where a duly certified transcript of the defendant's testimony in a murder trial was admitted in his prosecution for perjury, committed while testifying at said trial, to prove his testimony therein, the defendant is not deprived of any right, guaranteed him by section 6 of the Constitution, since proof of essentially documentary facts by documentary evidence, when the original record, or an officially authenticated copy is made competent by the statute, is an exception to the constitutional guarantee, finding support ¯in the principle of public policy, expediency or necessity.

2. *Same.*—Under section 6, Constitution 1901, when construed in accordance with the common law, which did not recognize any right of confronting by witnesses as distinguished from the right of cross-examination, a public record declared by law to be evidence that imports verity, is not within the constitutional guarantee, since cross-examination can have no application to such evidence.

3. *Same; Best and Secondary; Stenographic Transcript.*—The certified transcript of the official stenographer's notes of the testimony of the witness given on a murder trial, on account of which he was prosecuted for perjury, was admissible as being the best evidence of the defendant's testimony, more accurate than the uncertainty of human recollection, and because declared to be prima facie evidence of the proceedings in such cause, by Acts 1909, p. 266.

4. *Witnesses; Cross-Examination; Bias.*—Where the prosecution was for perjury committed by defendant while testifying in a murder trial, a question to a defendant's witness, on the cross, seeking to show the witness's connection with an assault on the person whom the defendant had been indicted and tried for killing, where the assault was part of the same transaction, was properly allowed since such evidence tended to show interest or bias of a witness.

5. *Perjury; Indictment; Materiality.*—A general averment in the indictment that the alleged false testimony was material, is sufficient, although its materiality does not affirmatively appear.

6. *Charge of Court; Meaningless Instruction.*—A charge asserting that before the jury could convict, the state must prove each element of the offense beyond a reasonable doubt, and that if, upon consideration of all the evidence in the case "of" the jury, had a reasonable doubt of guilt, they should acquit, is meaningless; such charge is also objectionable as referring matters of law to the jury, the charge not stating the elements.

[Todd v. The State.]

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Will Todd·was convicted of perjury, and he appeals. Affirmed.

The facts sufficiently appear. The following charges were refused the defendant: (2) Under the evidence in this case, the jury cannot convict the defendant under count 2 of the indictment. (4) Before the jury is authorized to convict the defendant, the burden is on the state to prove to your satisfaction beyond all reasonable doubt by the evidence in the case each and every constituent element of the offense charged against the defendant, and if after a consideration of all the evidence in the case of the jury have a reasonable doubt of the guilt of the defendant, the jury must acquit the defendant.

F. E. ST. JOHN, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was tried and convicted on a charge of perjury alleged to have been committed by him when testifying as a witness on the trial of one Doyle Hooten, indicted for murder in the circuit court of Cullman county. On the trial of the perjury case, the solicitor, to prove the defendant's testimoney given on the murder trial in the case of State v. Doyle Hooten, offered and was allowed to introduce in evidence, over the objection and duly reserved exception of the defendant, a duly certified transcript of the the official stenographer's notes of said testimony taken on the trial of the murder case. It was admitted in open court before the introduction of this evidence that the

defendant who was then on trial in the perjury case in the circuit court of Cullman county was the identical person who had appeared and testified as a witness in the same court in the murder trial. The objection to the introduction of the stenographer's certified transcript of the defendant's testimony on the former trial as evidence on this trial is based on the ground that it deprived the defendant of his constitutional right of being confronted with the witnesses against him.— Const. art. 1, § 6.

The transcript was admitted under the provisions of the act approved August 26, 1909, passed at the special session of the Legislature of 1909 (page 263); section 7 of the act (page 266) being as follows: "Sec. 7. That all transcripts furnished by said official stenographer shall be certified to by him over his signature, and when so certified, such transcript shall be prima facie evidence of the proceedings in said cause, and said official stenographer must file such official transcript within thirty days after written demand is made unless such time is extended by the judge for good cause shown."

(1-3) It was essential and material to prove on the perjury trial what the defendant had testified to in the trial of the murder case, and the statute we have above set out makes the transcript of the testimony certified to by the official stenographer prima facie evidence of the proceedings in that cause. It is provided by this statute that such transcript when so certified must be filed in the cause. Under the provisions of the act the transcript is made and it becomes a record in the case, and we see no good reason why, when relevant to the issue before the court, it is not admissible as prima facie evidence of its contents when properly certified and filed under the terms of the statute, the same as an indict-

ment, an officer's return to process, or any other record in the case, without infringing the constitutional right of a defendant to be confronted by the witnesses against him.

The right of confrontation does not apply to record evidence when otherwise competent on the issues before the court, as for instance the mortgage in question on a trial against a defendant charged with disposing of mortgaged property, or the marriage record or certificate on a trial wherein the defendant is charged with adultery or bigamy. It is thoroughly settled and familiar that there are well-known and generally recognized exceptions to the rule grounded on constitutional guaranty that the accused has the right to be confronted with the witnesses against him. These exceptions find support in and are based upon principles of public policy, expediency, or necessity. Among the recognized exceptions that do not contravene the constitutional provision on which the general rule is founded, is proof of essentially documentary facts by documentary evidence, when the original record, or an officially authenticated copy, is made competent by statute.—*Woodward v. State,* 5 Ala. App. 202, 59 South. 688; 12 Cyc. 543; *Hawes v. State,* 88 Ala. 37, 7 South. 302; *Reid v. State,* 168 Ala. 118, 53 South. 254.

The transcript made by the official stenographer of the testimony on the murder trial, in which the perjury is alleged to have been committed, is, pursuant to the statute (Acts 1909, p. 266, § 7), made an official memorial of the proceedings on that trial, and thus becomes the court record of a public official, that under one clause of the act, when properly certified by the officer, is made prima facie evidence of the proceedings. It is, too, the best evidence, for the best evidence of the testimony in

[Todd v. The State.]

giving which the perjury is alleged to have been committed is the record of it, or a certified copy.—Under-hill on Crim. Ev. (2d Ed.) § 470, p. 768. In this day of advanced proficiency and skill in recording the exact words and language as they fall from the lips of the witness on the stand by an expert stenographer who has no interest in the proceeding other than as an official court reporter to accurately record the words spoken, it is no violation of sound principles, though it may be a departure in applying the old rule adhered to before the existence of modern conditions, to meet methods produced by the rapid strides of advancement in intelligence, to hold that a record thus made of the evidence is more accurate and a better source for reliably obtaining the truth than the uncertainties of human recollection. The best evidence when obtainable must be produced, and it would be doing violence to common sense as well as the established rule of evidence to hold that the transcript made from the stenographic notes of an official court reporter are not more reliable and better evidence than the recollection or memory of any person, however disinterested or truthful he might be, who undertakes unaided save by his memory to narrate his recollection of the testimony of a witness heard by him on a previous occasion. For this reason we find no difficulty in arriving at the conclusion that the rule declared by Mr. Underhill in his work on Criminal Evidence, above cited, that the record of the evidence made by an official reporter is the best evidence, is logically correct and founded on sound legal principle. The lawmakers in declaring that these transcripts shall be admissible as prima facie evidence of the proceedings in a cause have made a salutary rule, in keeping with methods in use made possible under the strides of advance-

ment in science and inventive genius, that can but tend to prevent delays in the administration of justice and facilitate the trial of causes.

We think the section of the statute above quoted makes the transcript of the testimony made by the official stenographer, a sworn officer of the court (Acts 1909, p. 264, § 3), a judicial record in the cause, and, when authenticated pursuant to the terms of the statute, is competent as prima facie evidence and entitled to full faith and credit as such just as any other judicial record in the cause. and admissible in evidence as presumptive or prima facie proof of its contents, when relevant, the same as any other record kept pursuant to law (see *Williams v. State*, 68 Ala. 551), as constituting an exception to, and without violating or impinging upon, the general rule of constitutional right of the accused to be confronted with the witnesses against him.

There was not at common law any recognized right to an indispensable thing called confrontation as distinguished from the right of cross-examination, and this in effect has been recognized by the Supreme Court as to the provisions of our organic law.—*Wray v. State*, 154 Ala. 36, 45 South. 697, 129 Am. St. Rep. 18, 16 Ann. Cas. 362. If this is the proper interpretation of the clause, and we think it is (see authorities cited in *Wray's Case, supra*, top of page 42 of 154 Ala., 45 South. 697, 12 Am. St. Rep. 18, 16 Ann. Cas. 362), then a public record declared by law to be evidence that imports verity furnishes no reason for the application of the rule, as cross-examination can have no application to this class of evidence.

The constitutional rule of confrontation is but a sanction or guaranty of the right recognized under the common law, and is subject to the same exceptions as then

[Todd v. The State.]

existed, and those that may be legitimately found to exist, developed or created in the future in consonance with the progress of human affairs through necessity, expediency, or public policy. Other exceptions that may be made are but the necessary application of old rules to the new order of things and new conditions. The federal Constitution, and the constitutions of most, if not all, of the states, contain similar provision to our Constitution in this particular, and it has been almost universally recognized in all jurisdictions, both federal and state, that the rule is not impaired by, nor does it apply or extend to, documentary proofs or record evidence. —2 Bishop's New Criminal Procedure, § 1134, and footnote. citing numerous authorities; 12 Cyc. 543 (b); 8 Ency. Ev. 471 (b); 10 Ency. Ev. 880 (1); 14 Ency. Ev. 581 (5).

This court has enunciated the same doctrine against objection on the same ground with regard to a certified copy of the stub of an internal revenue license and internal revenue tax stamp authorizing the party on trial charged with violating the prohibition law to engage in the business of a retail liquor dealer. This ruling is analogous to our holding here, in that it was based on the fact that the transcript admitted in evidence in that case was of a record required by law to be kept in the office of a sworn public officer, and by the terms of the statute (Code 1907, § 3983) when properly certified was receivable in evidence. See *Woodward v. State,* 5 Ala. App. 202, 59 South. 688.

(4) There was no abuse of the court's discretion in overruling the defendant's objection to the question asked the defendant's witness Ed Estes on cross-examination by the solicitor seeking to show his connection with an assault on Spence Higgins, the person whom

the defendant had been indicted and tried for killing. The assault is shown to have been a part of the same transaction, and the evidence elicited had a tendency to show the interest or bias of the witness.

(5) Charge No. 2 requested by the defendant was properly refused. It is contended that the charge should have been given for the reason that the second count of the indictment charges no offense. A general averment in the indictment that the testimony was material is sufficient, although its materiality does not affirmatively appear. We think the second count not wanting in any of the material averments of charging the offense of perjury.—*Hicks v. State,* 86 Ala. 30, 5 South. 425; *Williams v. State,* 68 Ala. 551.

(6-8) The trial court may well be justified in refusing charge No. 4 as the same appears in the record before us because of the use of the word "of" as it appears immediately preceding the words "the jury," in the eighth line, rendering it meaningless. Besides, the charge refers the determination of matters of law to the jury. The charge is bad in failing to inform the jury what were the constituent elements of the offense comprehended within the charge against him upon which he was being tried.—*Davis v. State,* 8 Ala. App. 147, 161, 62 South. 1027, and authorities there cited.

We find no error in the record.

Affirmed.