(79 South. 632)

**HARPER v. STATE.   (8 Div. 535.)**

(Court of Appeals of Alabama.   April 16, 1918. Rehearing Denied May 14, 1918.)

1. PERJURY ⬅═29(4)—EVIDENCE—INDICTMENT AND PROOF—VARIANCE.

Where indictment for perjury alleged that in a prosecution for grand larceny accused falsely swore that he spent "the Saturday night before Easter Sunday, 1915," at a certain house, and the stenographer's report showed that accused stated that "on the Saturday night the goods were stolen" he stayed at such house, did not present variance.

2. CRIMINAL LAW ⬅═548—EVIDENCE—TESTIMONY ON FORMER TRIAL—EFFECT.

The contents of the stenographer's report of the testimony at a former trial when transcribed and duly authenticated is prima facie evidence of the testimony given, but is not conclusive.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Solomon N. Harper was convicted of perjury, and he appeals.   Affirmed.   Certiorari denied, 79 South. 633.

Bouldin & Wimberly, of Scottsboro, for appellant.   F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J.   The indictment charges that the defendant on his examination as a witness, in the case of the State v. Will Machen, Elijah Murphy, and another, then on trial for grand larceny, after having been duly sworn—

"falsely swore that he spent the Saturday night before Easter Sunday, 1915, at the home of Will Machen; that he got there about an hour before sundown and remained there all night, and until up in the day, some 8 or 9 o'clock on Easter Sunday morning before leaving; that the said Will Machen was at home that night and also the next morning, and if he left his home during the night witness did not know it; that Elijah Murphy was also at Will Machen's during the early part of the night, and was also there next morning; that if Elijah Murphy left there any time during the night witness did not know it—the matter so sworn to being material, and the testimony of the said Solomon N. Harper being willfully and corruptly false." .

The state adduced testimony tending to show that the larceny with which Machen and Murphy were charged and on trial at the time the alleged false testimony was given was committed on Saturday night before Easter Sunday, 1915, at Larkin's ferry on the Tennessee river in Jackson county, and in this connection examined as a witness Hamlin Caldwell, the official court reporter, who identified the notes of the testimony given by the defendant and taken on the

trial of Machen and Murphy, showing, among other things, that defendant was examined and testified as follows:

"Q. Do you remember the day it is alleged some stuff was stolen and taken over there at Langston? A. Whereabouts? Q. Down at Larkin's landing. A. I heard of some stuff being taken down there. Q. Do you remember the day it happened? A. I remember along about the time. Q. I will ask you if on Saturday night, the day that was stolen, I will ask you where you stayed that night? A. In the evening I was down on Sauta Creek on my farm I have there, and Will Machen lived just below there a little, about 100 yards or so below my farm, and I went to Will Machen's in the evening and stayed there. Q. Did you stay all night there? A. Yes, sir."

The other testimony given by the defendant on that trial as shown by these notes corresponds substantially with the alleged false testimony, but appellant insists that the stenographer's report was at variance with the averments of the indictment, in that it shows that the witness did not testify that the night he stayed at Machen's "was Saturday night before Easter Sunday, 1915," and that therefore the court committed reversible error in receiving this testimony over the objection of the defendant, and in refusing to exclude it.

[1] Otherwise stated, appellant's position, as we understand it, is that in order for the testimony to be admissible at all, it must correspond literally with the averments of the indictment, and inasmuch as the witness did not use the expression that the night he stayed at Machen's house was "Saturday night before Easter Sunday, 1915," the testimony should have been excluded. This position is hypercritical, and cannot be sustained. The averments of the indictment that the defendant "falsely swore that he spent the Saturday night before Easter Sunday, 1915, at the home of Will Machen," was descriptive of the time, as well as the substance, of the testimony given by the defendant on the trial of Machen and others. While it was incumbent upon the state to sustain these averments by the proof, it is not necessary that the testimony given be proved ipsissimis verbis, it being sufficient to prove substantially what he testified to on the point involved. 3 Greenl. Ev. § 194; Taylor v. State, 48 Ala. 157; Bradford v. State, 134 Ala. 141, 32 South. 742.

[2] The contents of the stenographic report of the testimony, when transcribed and duly authenticated, is prima facie evidence of the testimony given, but it is not conclusive, and does not preclude the parties from offering any other competent proof of the facts testified to by the defendant on the occasion under investigation. Roman v. Lintz, 177 Ala. 64, 58 South. 438. If there are expressions in Todd v. State. 13 Ala. App. 301, 69 South. 325, that could be construed as holding otherwise. that rule there stated is modified.

In addition to the evidence afforded by the stenographic report as to the facts testi-

fied to by the defendant, the state's witnesses Gilbreath and Howard testified that they were present at the trial of Machen and others, and that defendant testified on that trial that on Saturday night before Easter Sunday, 1915, he stayed all night at Will Machen's house, which was the night of the larceny.

The appellant's insistence that there was a variance in the averments and proof, and that he was entitled to the affirmative charge, cannot be sustained.

The defendant's objection to the record of the proceedings in the larceny case in which the alleged false testimony was given was properly overruled, and the effect of the evidence properly limited by the trial court. Jordan v. State, ante, p. 51, 74 South. 864.

There is no error in the record.

Affirmed.