(88 South. 291)

### PRESSLEY v. STATE.　(6 Div. 672.)

(Court of Appeals of Alabama.　Jan. 11, 1921. Rehearing Denied Feb. 1, 1921.)

1. **Criminal law** ⚖️547(3)—**Alleged false testimony can be proved by witnesses who heard it.**

Notwithstanding Acts 1915, p. 859, providing that original notes of the official court reporter shall be treated as part of the record, the stenographic report of the testimony is not the exclusive source of evidence thereof, so that, in a prosecution for perjury committed at a trial in such court, the alleged false testimony can be proved by the oral testimony of witnesses who heard it.

2. **Perjury** ⚖️11(2)—**Only material testimony in prosecution for assault and "battery" is ordinarily that relating to commission of act.**

In a prosecution for assault and "battery," which is the least touching of another person willfully or in anger, and always includes an assault, the only material testimony, as a rule, is that relating to the commission of the act charged, and only such testimony can be the foundation for a prosecution for perjury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Battery.]

---

[1] Reported in full with opinion, in the Southern Reporter; not reported in full in Alabama Reports.

**3. Criminal law ⬰338(1)—Evidence must be confined to point in issue.**

The rule that the evidence must be confined to the point in issue applies to criminal as well as to civil cases, and should be even more strictly enforced in criminal cases to protect accused from being required to meet charges of which he was not informed by the indictment.

**4. Perjury ⬰34(1)—Falsity cannot be established by testimony of one witness uncorroborated.**

In a prosecution for perjury, the falsity of the testimony must be established by the testimony of more than one witness, or by the testimony of one witness strongly corroborated by circumstances.

On Rehearing.

**5. Perjury ⬰34(6)—Evidence of declarations inconsistent with testimony held not sufficient corroboration.**

In a prosecution for perjury, alleged to have been committed at a previous trial of others for assault and battery, where the alleged false testimony was contradicted only by the testimony of the party assaulted, and was corroborated by the testimony of the other three persons present at the time and place, evidence by relatives of the party assaulted that later in the day defendant made a statement to them inconsistent with his testimony is not sufficient to corroborate the testimony of the assaulted party, and sustain a conviction for perjury.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Arthur Pressley was convicted of perjury, and he appeals. Reversed and remanded.

F. E. St. John, of Cullman, and Sample & Kilpatrick, of Hartsells, for appellant.

The official report was the best evidence, and hence the court erred in permitting its contents to be shown by oral testimony. Acts 1915, p. 859. Under the evidence in this case, the affirmative charge, as requested by the defendant, should have been given. 74 Ala. 34; 68 Ala. 551. Counsel discuss other matters of evidence, but without further citation of authority.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Any evidence is admissible, if it proves or tends to prove any fact which in itself was material. 13 Ala. App. 318, 69 South. 351. As to what is necessary by way of corroboration in a perjury case, see the case cited supra, and its approval by the Supreme Court in 193 Ala. 678. In any event, the objection to the oral testimony came too late. 192 Ala. 473, 68 South. 348; 79 South. 141; 16 Ala. App. 542, 79 South. 678; 79 South. 802. The oral charge must be considered as a whole. 15 Ala. App. 199, 72 South. 773. The .court properly refused the affirmative charge. 79 South. 802.

BRICKEN, P. J. The defendant was indicted, tried, and convicted for the offense of perjury, under section 7545, of the Code 1907, and was sentenced for a period of not less than two nor more than three years in the penitentiary.

In order to sustain a prosecution for perjury, under the laws of this state, it must be shown, by the usual measure of proof, that is to say, beyond a reasonable doubt, that the matter falsely sworn to is material to the issue or question in controversy, and no conviction can be based upon irrelevant or immaterial testimony, however false such testimony may be. Code 1907, §§ 7541, 7543.

The bill of exceptions recites that—

"After the court overruled defendant's demurrer to the indictment, the defendant pleaded not guilty," etc.

Notwithstanding this statement, we find no demurrers in the record, and the minute entry makes no mention of any ruling by the court on demurrer. However, we have examined the indictment, and find no defect therein; it appearing that it follows the form prescribed in the Code, and is therefore sufficient. Code 1907, §§ 7546, 7161 (form 62).

The alleged perjury complained of as having been committed by defendant was upon his examination as a witness on the trial of one Walter Holmes, who was charged with the offense of assault and battery on one Aubrey Oden, the said trial being in the circuit court of Cullman county.

There appears in the indictment three separate and distinct statements alleged to have been sworn to by the defendant on said trial, and it is averred that his testimony in relation to those matters was willfully and corruptly false. The statements are as follows:

"(1) That he did not arrest and detain said Aubrey Oden; (2) that he did not represent himself to be named Mathews and High Sheriff; (3) that said Walter Holmes did not take hold of the said Aubrey Oden."

[1] On the trial of the perjury case the court, over the objection of the defendant, permitted the state to prove the testimony of the appellant in the Walter Holmes case, upon which the charge of perjury was based, by the oral examination of two witnesses who were present at said trial, and heard said testimony. It is insisted by the appellant that this was error, for the reason that the circuit court had an official court reporter, and that the case was reported by him as provided by law (Acts 1915, p. 859), and that under the provisions of this act the original notes so taken shall be treated as a part of the record of the court, and that, being a part of the record, they were the best evidence as to what the witness

swore on said trial, and that secondary evidence could not be offered without first accounting for the loss of the record, the best evidence. Appellant's counsel cite no authority on this proposition; but it appears upon examination that the case of Todd v. State, 13 Ala. App. 301, 69 South. 325, holds in line with this contention. Upon further examination however, we find a later expression of this court in the case of Harper v. State, 16 Ala. App. 538, 79 South. 632, under the authority of which we are constrained to hold that there was no error in this ruling of the court. In the Harper Case, supra, we find the following expressions:

"The contents of the stenographic report of the testimony, when transcribed and duly authenticated, is prima facie evidence of the testimony given, but it is not conclusive, and does not preclude the parties from offering any other competent proof of the facts testified to by the defendant on the occasion under investigation. * * * If there are expressions in Todd v. State, 13 Ala. App. 301, 69 South. 325, that could be construed as holding otherwise, that rule there stated is modified."

See, also, Roman v. Lentz, 177 Ala. 64, 58 South. 438.

Numerous other exceptions were reserved during the trial of this case to the rulings of the court upon the evidence, upon several separate motions to exclude the evidence, also as to a certain portion of the oral charge; and the refusal of two written charges requested by defendant is also insisted upon as error. These contentions, however, when stated concretely, are that the statements alleged in the indictment as having been made by defendant and numbered above (1) and (2) were wholly immaterial in the trial of the Holmes case, for assault and battery, and therefore not the subject of perjury; and, further, that alleged statement numbered (3) above, to wit, "that said Walter Holmes did not take hold of the said Aubrey Oden," was testified to only and solely by the one witness Aubrey Oden, the injured party, and that this testimony is absolutely without corroboration by any other witness, or by any facts adduced upon the trial of the perjury case, and that therefore this prosecution cannot be sustained. All these questions were raised in every conceivable manner, and are properly presented here for review. However we shall not undertake to deal separately with each specific exception, as it would serve no good purpose to do so.

[2] As before stated, in order to sustain a prosecution for perjury, it must be shown that the matter falsely sworn to is material to the issue or question in controversy. The question is therefore presented: Were statements (1) and (2), above set out, material in the original trial of Walter Holmes for assault and battery upon the said Aubrey Oden? Ordinarily the sole and only issue involved in a criminal prosecution of this character is, Did the defendant named commit an assault or an assault and battery upon the alleged injured party as named, comprehending, of course, the venue as to time and place as charged? A battery has been defined to be "the least touching of another person willfully or in anger," for the law cannot draw the line between different degrees of violence, and therefore totally prohibits the first and lowest stage of it; every man's person being sacred, and no other having a right to meddle with it in even the slightest manner. Another definition is: The touching of another in an angry, revengeful, rude, insolent, or hostile manner. Every battery includes an assault.

[3] In the trial of the assault and battery case it was permissible to prove, as a part of the res gestæ, not only the main facts constituting the corpus delicti, but also the circumstances and facts immediately attending the commission of the alleged offense. The general rule is, however, by innumerable decisions of the Supreme Court and of this court, that facts and circumstances, which, when proved, are incapable of affording any reasonable presumption or inference in regard to the material fact or inquiry involved, are not admissible in evidence. And this familiar rule, which requires that evidence must be confined to the point in issue, applies as well to criminal as to civil cases. In fact in criminal proceedings the necessity of strictly enforcing this rule is even stronger than in civil cases; for where a defendant is charged with an offense, it is of utmost importance to him that the facts laid before the jury should consist exclusively of the transaction which forms the subject of the indictment or affidavit, which alone he can be expected to come prepared to answer. 2 Russell on Crimes, 272.

Keeping in view, therefore, the fact that in the Holmes Case the corpus delicti consisted solely in the assault or assault and battery upon the said Oden, it would not appear that statements above numbered (1) and (2) were of sufficient materiality upon which to predicate a charge of perjury, and that the only statement contained in the indictment which was of sufficient materiality as would justify or support a conviction for perjury is statement numbered (3), to wit, "that said Walter Holmes did not take hold of the said Aubrey Oden." And as to this statement it clearly appears from the record that it was established by the evidence of one witness only, Aubrey Oden, and that his testimony in this respect was without any corroboration on the part of any other witness, nor were there any corroborating circumstances shown upon the trial of this cause.

[4] It has been many times held that one charged with perjury cannot be convicted on the evidence of one witness without strong

corroborating circumstances. In other words, in order to obtain a conviction for this offense, it was necessary to convince the jury, by that measure of proof always required in criminal cases, that on the trial in chief, and in a matter material to the issue, the defendant had testified to that which was willfully and corruptly false. There can be no conviction on the unaided testimony of a single witness. As often stated, this would be "oath against oath." There must be two or more witnesses, or, if only one, with strong corroboration. And "this corroboration, to be sufficient, must be of the very act, the corpus delicti, the giving of material testimony which is willfully and corruptly false." Peterson v. State, 74 Ala. 34.

In the Peterson Case, supra, the Supreme Court (opinion by Judge Stone) said:

"There can be no conviction of the crime of perjury, on the unaided testimony of a single witness. This would be oath against oath. There must be two witnesses, or one with strong corroboration. * * * This corroboration, to be sufficient, must be of the very act, the corpus delicti, the giving of material testimony which is willfully and corruptly false. And when, as in this case, it is alleged the accused has made two sworn statements which are in irreconcilable conflict, if, there is no strong corroboration of one of the versions, how can it be affirmed the other is false? Previous contradictory statements, made with or without oath, may be very important evidence, in connection with other circumstances, against the accused; but, no matter by how many witnesses the different and conflicting statements may be proved, this is not corroborative proof of the corpus delicti. The offense charged is the willfully false denial of knowledge of certain criminating facts against Norris and Cauthen. Corroboration should be of such a nature as would tend to prove the existence of such criminating facts, and the defendant's knowledge of their existence." Peterson v. State, 74 Ala. 34.

And again the court, speaking through Chief Justice Brickell, in the case of Williams v. State, 68 Ala. 551, states the same principle in the following language:

"The testimony of a single witness is sufficient to prove that the defendant testified as charged in the indictment: but to authorize a conviction, the falsity of such testimony must be proved by two witnesses, or by one witness and corroborating circumstances." Williams v. State, 68 Ala. 551.

On the trial of this case the evidence failed to disclose the materiality of the first two alleged false statements contained in the indictment; therefore the court erred in overruling the motion to exclude same. And the testimony of Aubrey Oden as to the assault or assault and battery upon him by Walter Holmes being without corroboration of any character, the defendant was clearly entitled to the affirmative charge requested in writing, and the court erred also in refusing to give same.

The judgment is reversed and the cause remanded.

Reversed and remanded.

## On Rehearing.

The Attorney General, on behalf of the state, makes application for rehearing in this cause, and urges the materiality of statements (1) and (2) referred to in the opinion. A further examination of the evidence in this case discloses that none of the facts constituting the res gestæ in the Walter Holmes case, tending to establish the corpus delicti of that case, was sworn to by any of the witnesses on the trial of said case except the alleged injured party Aubrey Oden, and it also appears that his entire testimony in this connection is without corroboration of any character. At the time of the alleged commission of the offense charged, the record shows that no one was present except Oden, Holmes, Pressley, and one Frank Maddox. Each of the last three witnesses all testified:

"That Pressley did not arrest and detain said Aubrey Oden, that he did not represent himself to be Mathews and High Sheriff; and that said Walter Holmes did not take hold of the said Aubrey Oden."

[5] And the only witness who testified that these things did occur was the man Aubrey Oden. The alleged difficulty between Holmes and Oden, if it occurred at all, took place in the morning of the day in question, and across the railroad from Al Pichter's store in the city of Cullman. This being the time and place of the alleged difficulty out of which the prosecution against Walter Holmes for assault and battery grew, the facts and circumstances which happened at that time and place constituted the res gestæ of the offense in the Holmes case. As before stated, every person present at that time testified positively that the alleged statements (1), (2), and (3), above referred to, did not occur; Oden only, and without corroboration as to either statement, testified to the contrary. The only corroboration of Oden as to any of the statements relate to statement (1), "that he did not arrest and detain Aubrey Oden," and as shown by this record this corroboration is by the testimony of witnesses Felix Gay and Lonnie Oden, a cousin and brother, respectively, of Aubrey Oden. These two witnesses testified that at 3 o'clock in the afternoon of that day, at Stifelmeyer's store, several hours after the alleged difficulty, and at a different place in the city of Cullman, they heard Pressley tell Lonnie Oden "that he had Aubrey Oden under arrest." The contention of the Attorney General that the testimony of these witnesses relate to the res gestæ of the offense is without merit; it affirmatively appearing to the contrary.

Nor can we accord to the correctness of the insistence of the Attorney General that on a trial for perjury in cases of homicide, un-

der this opinion, the evidence could be restricted as to whether defendant fired the shot or struck the blow. In homicide cases the scope of inquiry is much greater than in cases of assault and battery, for the question of premeditation, deliberation, willfulness, and whether the act was malicious, all enter in order to determine the degree of guilt. Moreover, the rule of evidence relating to self-defense differs materially in a homicide case from that of an assault and battery. It necessarily follows that on a trial for an unlawful homicide the material inquiry would necessarily extend to much greater limits than that of an assault and battery; the material inquiry being as stated in the opinion, Did the accused assault or assault and beat the person named?

We adhere to the opinion in this case, and reaffirm that the material testimony of the principal witness Aubrey Oden is without corroboration of any character, and therefore the charge of perjury here complained of cannot be sustained under the evidence as disclosed by the record.

Application overruled.