### CALDWELL v. KUYKENDALL et al.

No. 12434—Opinion Filed Dec. 4, 1923.

1. **Contracts—Damages for Failure to Give Good Note—Defensive Evidence.**

Where, in an action for damages for breach of contract, it is charged that the defendant purchased certain horses and agreed to deliver a good note for the purchase price, and the note delivered was of no value, and the jury finds for the plaintiff, held, that this is an action for breach of a contract for the payment of money, and the measure of damages is the amount written in the note, and interest thereon, and any admitted evidence, offered by the defendant as to the value of the horses, was improper for any purpose.

2. **Evidence—Former Evidence of Absent Witness.**

Where proper evidence is introduced, or offered to be introduced, to show the absence from the county of a material witness and a duly certified copy of the testimony of the absent witness from a case-made of the testimony of the said witness, given at a former trial of the same cause, and filed in the office of the clerk of the Supreme Court of the state of Oklahoma, on appeal, properly authenticated and certified to by the Supreme Court clerk, is offered to be introduced, it was reversible error for the trial court to refuse to admit the record of the testimony of said absent witness and it was reversible error for the court to refuse to admit evidence offered to show the absence of the witness from the county.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by S. J. Caldwell against O. L. Kuykendall, W. H. Bougher, and F. D. Venum. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

W. H. C. Taylor and Charles L. Moore, for plaintiff in error.

Sam P. Ridings, for defendants in error.

Opinion by THOMPSON, C. This action was commenced by S. J. Caldwell, plaintiff in error, plaintiff below, against O. L. Kuykendall, W. H. Bougher, and F. D. Venum, defendants in error, defendants below, in the district court of Grant county, Okla., for the purchase price of two race horses, in the sum of $2,000, sold by plaintiff to defendant F. D. Venum, for which he executed his promissory note in the sum of $2,000, which, under written contract, was to be indorsed by O. L. Kuykendall, and the horses were delivered to defendant Venum and the note executed to plaintiff by Venum for $2,000 and indorsed by Kuykendall "without recourse," and that said note was worthless and that the plaintiff was damaged in the sum of $2,000 and that the three defendants conspired to cheat and defraud him to enter into said contract and to sell his two horses and to deliver him the worthless note.

A denial was made of the conspiracy by the defendant Kuykendall, and it further alleged that he had no interest in the transaction and that he was simply an accomodation indorser of the note, and if there were any fraud in the transaction he was not a party to it and had no knowledge of it.

The cause was tried to a jury and a verdict was returned in favor of the defendants and against the plaintiff and judgment was rendered on the verdict of the jury in favor of the defendants and against the plaintiff.

A motion for new trial was filed and overruled, exceptions reserved, and the cause comes regularly on appeal to this court from said judgment.

The parties will be referred to as plaintiff and defendants, as they appeared in the lower court.

Attorneys for plaintiff present three propositions in their assignments of error: First, errors as to the evidence; second, errors as to the instructions; and, third, error in overruling the motion for new trial.

This cause has twice been to this court for review, and a full statement of the pleadings and issues are contained in the two decisions of this court, one found in case of Kuykendall v. Caldwell, 54 Okla. 331, 153 Pac. 874, and the second one being Kuykendall v. Caldwell, 74 Oklahoma, 179 Pac. 463 and in those decisions this court settled some of the matters in contest on this appeal.

Attorneys for plaintiff contend that this court settled the measure of damages upon the first appeal and that this then became

the law of the case and we are of the opinion that this contention is correct. This court on the first appeal held:

"Where, in an action for damages for breach of contract, it is charged that the defendant purchased certain horses and agreed to deliver a good note for the purchase price, and the note delivered was of no value, and the jury finds for the plaintiff, held, that this is an action for breach of a contract for the payment of money, and the measure of damages is the amount written in the note, and interest thereon."

And, it is our opinion that the evidence offered by the defendant as to the value of the horses was improper for any purpose, for the reason that the parties had agreed on the specific sum of $2,000, and that they fixed the value of the horses in so far as this action is concerned, for the parties gave a note for the agreed contract price and a court and jury cannot make a new contract for the parties. The contract was made; the horses delivered upon a specifically agreed price, and the note was delivered with the amount of the agreed price of $2,000 written therein, and it was error to permit any evidence to be introduced as to the value of the horses for any purpose.

The next matter complained of by attorneys for plaintiff is that the court did not permit the introduction of a copy of the testimony of J. S. Munroe, who testified at a former trial, and who, plaintiff claimed, was absent from the jurisdiction of the court. This copy from the case-made was duly certified to by the clerk of the Supreme Court of this state, and the foundation for the introduction of such evidence is found in the record, where the undersheriff of Grant county testified he had placed in his hands a subpoena for said witness, which subpoena had been returned by him to the clerk of the court indorsed, "not found in the county." W. H. C. Taylor, one of the attorneys for plaintiff, testified that the said witness had left the state after the first trial and plaintiff offered to prove by J. W. Caldwell that the witness had left Grant county, Okla., about seven years ago, and after the first trial of the cause, and that he was a non-resident of Grant county and this testimony was refused over the objection of attorneys for defendants. It is our opinion that this was sufficient foundation for the admissibility of this evidence for the presumption of law is that the officer has performed the duties of his office and when the subpoena was placed in the hands of the undersheriff of Grant county and he made his return, "not found in the county," that was equivalent to saying that he had made the proper search for him and was unable to find him in the county and the refusal of the court to

permit the further testimony, as above set forth, was error and, in our view of the case, the plaintiff should have been permitted to make this further proof of the whereabouts of the absent witnesses, whose evidence he was seeking to introduce. This court on the second appeal held:

"That it was error to admit in evidence, over objection, a document purporting to be a typewritten transcript of the testimony of a witness given at a former trial of said cause without the same being properly authenticated."

The certificate of the clerk of the Supreme Court in this case, in our judgment, properly authenticated this testimony, and it was, therefore, error in the court to refuse the offer, made by counsel for plaintiff in this case, of the testimony of absent witnesses given at the former trial of this cause. The plaintiff further sought to introduce the testimony of these absent witnesses, given at a former trial, by witnesses, who overheard the testimony at the former trial, which was refused by the trial court. The evidence sought to be introduced was very material to the plaintiff's case and was that of witnesses who were conversant with the transaction being inquired of, and the plaintiff was deprived of a very substantial right, in our judgment, by the trial court, when he refused to permit the introduction of the certified copy of the transcript of the evidence, or to permit witnesses, who overheard the testimony, to detail said testimony given at the former trial.

The next proposition complained of by attorneys for plaintiff was the giving of an instruction by the court as to the value of the horses in controversy and the refusal of the court to give an instruction to the jury not to consider the evidence offered to prove the value of the horses sold. In our opinion, this question of the value of the horses should not have been allowed to enter into the case at all, as this court, upon the first appeal, settled that controversy, and it should have remained settled for all time to come, and the fact that the trial court allowed testimony upon this proposition and gave an instruction based upon this testimony was, in our opinion, a complete violation of the former decision of this court in this case, and, if the trial courts of this state ignore the principles, decided by this court, on a retrial of the same cause, causes will never be finally adjudicated.

We are, therefore, of the opinion that the judgment of the trial court in this case should be, and is hereby, reversed and remanded with directions to grant a new trial.

By the Court: It is so ordered.