274 So.2d 104

**Roosevelt HOWARD, alias**

**v.**

**STATE.**

**3 Div. 142.**

Court of Criminal Appeals of Alabama.

Feb. 20, 1973.

David T. Hyde, Jr., Evergreen, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

SNODGRASS, Circuit Judge.

Murder, first degree: life imprisonment.

I

Roosevelt Howard was tried, convicted and sentenced to death for first degree murder. The Supreme Court of Alabama affirmed that conviction September 28, 1961. Howard v. State, 273 Ala. 544, 142 So.2d 685.

Howard then brought a petition for writ of error coram nobis which was denied by the Supreme Court of Alabama, 275 Ala. 59, 151 So.2d 790, but was subsequently granted, 275 Ala. 449, 155 So.2d 927.

Upon his second trial, Howard was again sentenced to death, and his conviction affirmed by the Supreme Court of Alabama, Howard v. State, 278 Ala. 361, 178 So.2d 520.

On writ of error coram nobis, a third trial was ordered after the Supreme Court determined the doctrine announced in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 776, was violated, Howard v. State, 287 Ala. 435, 252 So.2d 304. Upon that trial he was convicted and sentenced to life imprisonment from which he brings the instant appeal. The opinions above sufficiently state the facts.

II

Howard contends that the testimony accepted into evidence of three witnesses at a former trial was error sufficient to reverse his conviction because the proper grounds for admission were not shown.

At the third trial of the defendant in January, 1972, it was shown that two witnesses, Mr. J. R. Callins and Mr. Sam Reid, who had testified in the first two cases had died (Tr. pps. 30 & 74).

It was also shown that another witness, Mrs. Mary Moorer, who had testified in the first two cases was critically and seriously ill and would in all probability never be able to testify again (Tr. p. 129). The fact of death of two of the witnesses and

the illness and probability the third would never be able to testify was not contested at the trial.

As to each of these witnesses, the state offered in evidence the transcript of their respective testimony which was given at the second trial in 1964. The State produced the certificate of the Clerk of the Supreme Court who certified that the transcript he was returning was "a true, correct, and complete transcript of the testimony of [the three former witnesses] in the cause of the State of Alabama v. Roosevelt Howard, alias "Pee Wee" Howard, Case #3708 in the Circuit Court of Butler County, Alabama, being part of the transcript of the evidence as true and correct by Mary L. Wright, official court reporter, 2nd Judicial Circuit of Alabama on the 24th day of July, 1964, and being a part of the transcript of the record certified as full, true, correct, and complete by Bobby T. Branum, Clerk of the Circuit Court of Butler County, Alabama . . . Witness, J. O. Sentell, Clerk of the Supreme Court of Alabama" (Tr. pps. 66, 67, 80, 119).

█ It is the established law of Alabama that upon showing the death of a witness, the testimony at a former trial may be used, Levert v. State, 225 Ala. 214, 142 So. 34 (1934); Carr v. State, 44 Ala.App. 40, 202 So.2d 59 (1967).

There is, apparently, no case in Alabama wherein the fact presented to the Court was that the former testimony was offered due to the present illness of the witness.

Several Alabama cases have stated with approval the general rule which allows a witness' testimony given at a former trial to be shown, where the witness is presently sick and unable to testify and from the nature of the illness no reasonable hope that the witness will be able to appear in court on a future occasion, Marler v. State, 67 Ala. 55 (1880); Wray v. State, 154 Ala. 36, 45 So. 697 (1908); Lowe v. State, 86 Ala. 47, 5 So. 435 (1888); American Union

Telegraph Co. v. Daughtery, 89 Ala. 191, 7 So. 660 (1889).

In 20 Am.Jr., Evidence § 704, p. 591, it is said:

"In criminal prosecutions, according to the weight of authority, the mere temporary illness or disability of a witness is not sufficient to justify the reception of his former testimony; it must appear that the witness is in such a state, either mentally or physically, that in reasonable probability he will never be able to attend the trial."

See also, Peterson v. United States, 344 F.2d 419, 5 Cir., Tex. (1956); Tanner v. State, 213 Ga. 820, 120 S.E.2d 176 (1958).

A less rigorous rule is stated by Professor Wigmore in his work on evidence: "The *duration* of the illness need only be in probability such that, with regard to the importance of the testimony, the trial cannot be postponed.", 5 Wigmore on Evidence, § 1406(a), p. 158.

█ We need not prescribe in this case the exact dimensions of the rule for under either statement and the principle of necessity upon which the rule is based, Marler v. State, supra, it is clear that where the witness is now ill, and in all probability will never be able to testify again, the former testimony may be used.

█ Upon the showing of proper grounds for the failure of the witness to be present, the former testimony of that witness may be given orally by a witness who was present at the trial or by a court reporter's transcript properly identified, Harper v. State, 16 Ala.App. 538, 79 So. 632 (1918); Todd v. State, 13 Ala.App. 301, 69 So. 325 (1915); Alabama Western Railroad Co. v. Downey, 177 Ala. 612, 58 So. 918 (1912).

█ Another question presented by this appeal is whether the certification by the Clerk of the Supreme Court was sufficient authentication to permit the testimony of the witnesses to be read into evidence.

The law of at least one state holds that the certificate of the Clerk of the Supreme Court of the state in whose office the testimony was filed on appeal of the former case is sufficient authentication, Caldwell v. Kuykendall, 94 Okl. 84, 221 P. 84 (1923).

The Code of Alabama 1940, Recompiled 1958, presents sufficient authority to decide the case now before the court.

Title 13, § 262, sets out the duties of court reporters. Such duties include attendance at court and where so directed to "take full stenographic notes of the oral testimony." The section also provides that the notes taken by the reporter "* * * shall be *preserved* by him and *treated as part of the records of the respective courts* * * *" Italics added.

Title 7, Sections 827(1) and 827(1b) set out the duties of the official court reporter upon an appeal being taken of a case in which he has taken stenographic notes.

Title 7, § 827(1) provides, in its relevant portions, that if a party to a case, tried by a court with a full time court reporter, desires to appeal from the judgment rendered such party "shall" give notice to the court reporter and "* * * the court reporter shall then promptly transcribe the evidence * * * *certify* the same and file it with the clerk * * * the evidence so transcribed * * * *shall be a part of the record* * * *" Italics added.

Title 7, § 827(1b) provides, in its relevant portions, that the "* * * court reporter's *certified* transcript and the copies thereof shall be filed with the clerk of the trial court and the original shall be used by the clerk and inserted by him in the transcript as part of the regular record for the appellate court * * * *" Italics added.

Title 13, § 52(2) prescribes one of the duties of the clerk of the Supreme Court: "To keep in regular order the papers, dockets and records of such court."

Title 7, Sections 393, 397 and 405 set out the requirements for admission into evidence of official records required by law to be kept.

Title 7, § 393, in its relevant portions, provides: "All transcripts of books or papers or parts thereof, required by law to be kept in the office, custody or control of any public officer, agent, servant, or employee of any municipality, city, county, or of the State of Alabama, or of the United States, when *certified* by the proper custodian thereof, *must be received in evidence in all courts* * * *" Italics added. This section has been applied to the transcript of testimony taken by the official court reporter, Todd v. State, supra.

Title 7, § 397 provides: "Copies of official bonds, or other instruments, or papers, *required to be kept* by any officer of this state, and transcripts from the books and proceedings required to be kept by any sworn officer of the state, are presumptive evidence in any cause, and have the same effect as if the original were produced and proved, upon the *certificate* of the custodian thereof that it is a true copy of the original." Italics added.

This section has also been applied to the transcript of the official court reporter, Alabama Western Railroad Co. v. Downey, supra.

Title 7, § 405, provides: "Whenever the records of a county, or of any court or office, or any part thereof, shall be transcribed *in pursuance of law*, the copy or transcribed record shall be evidence, and shall prima facie have the same force and effect as the original from which the transcript is made." Italics added.

Under the quoted code sections, the transcript from the Supreme Court certified by the Clerk of that court would be an adequate authentication of the transcript of the testimony of the witnesses for which it was offered.

We have considered the entire record as provided under Title 15, § 389, Alabama Code, Recompiled 1958. From this examination we conclude there is no error in the record.

The foregoing opinion was prepared by Honorable John D. Snodgrass, Circuit

Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.

The judgment below is hereby

Affirmed.

All the Judges concur.