LEIGH M. CLARK, Retired Circuit Judge.
Appellant has been convicted twice on an indictment charging him with the unlawful killing of Clarence Carson. On the first trial, he was found guilty of murder in the second degree. On his appeal therefrom, judgment was reversed and the cause remanded for another trial by reason of errors occurring on the first trial. Brown v. State, Ala.Cr.App., 369 So.2d 56 (1979). On the second trial, he was found guilty of manslaughter in the first degree. On the instant appeal from the second conviction, no issue is presented that requires a consideration of details of the evidence. It suffic *502 es to state substantially what was stated in the opinion on the appeal from the first conviction.
The victim had been living for a considerable period of time with appellant’s wife most of the time that appellant and his wife had been living separate and apart from each other. Appellant and his wife were the only surviving eyewitnesses to the killing of Carson. It was her testimony that as she and Carson returned from the Elks Lodge, where Carson was playing in a band, at about 4:00 A.M., and were in the process of entering the house where they were living together, defendant appeared with a pistol in his right hand and shot Carson in the back of his head with one shot that, according to. the undisputed evidence, caused his death. Brown’s testimony was to the effect that he had been threatened by Carson and was afraid of him; that he was at the house where the killing occurred to check on the welfare of his children living there; that he approached Carson and his wife with caution; that he hit Carson with his pistol and the pistol went off, and that he did not intend to kill Carson or to shoot the pistol.
The evidence was sufficient to support the verdict of the jury. Except for the possible effect of the sole contention of appellant on the instant appeal, there is no contention to the contrary.
When defendant’s wife was called upon by the State to testify on the second trial, she claimed and was granted the privilege that is given a husband and wife not to be compelled to testify either for or against each other in a criminal case. Code of Alabama 1975, § 12-21-227. Her testimony on the first trial as certified by the court reporter in the first trial was then introduced in evidence over the objection of defendant. Appellant says that this action of the court constituted reversible error.
In Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837, 843, cert. denied, 254 Ala. 74, 46 So.2d 847 (1950), in which there was involved the question of the admissibility of testimony of the wife of the defendant who had testified against him on peace bond proceedings arising out of his alleged criminal conduct but who claimed her privilege not to testify against him on a trial for such criminal conduct, the court held:
“The testimony of a witness at a former trial is admissible in a second trial when at the time the witness is dead, under disability, is permanently absent from the state, or becomes unavailable by reason of claim of privilege at the second trial. Mims v. Sturdevant, 36 Ala. 636; Jeffries v. Castleman, 75 Ala. 262; McCoy v. State, 221 Ala. 466, 129 So. 21. . . . ”
Appellant says that the former testimony of the witness should have been presented by the testimony of the court reporter on the previous trial instead of by the court reporter’s certified transcript. This contention of appellant is answered as follows:
“Upon the showing of proper grounds for the failure of the witness to be present, the former testimony of that witness may be given orally by the witness who was present at the trial or by a court reporter’s transcript properly identified, Harper v. State, 16 Ala.App. 53, 79 So. 632 (1918); Todd v. State, 13 Ala.App. 301, 69 So. 325 (1915); Alabama Western Railroad Co. v. Downey, 177 Ala. 612, 58 So. 918 (1912).” Howard v. State, 49 Ala.App. 548, 274 So.2d 104, 106 (1973).
There is some undesirable vagueness as to the exact status of the court reporter who reported and certified the transcript of the proceedings on the first trial, that is, whether she was an official court reporter of the trial court, but we do not understand that such vagueness is included within the grounds of appellant’s contention. We note that it was not the same court reporter as the court reporter on the second trial, which may shed some light upon the fact that the court reporter’s certified transcript was used rather than the court reporter’s testimony. We note also that the same trial judge presided on both trials and that he manifested an excellent recollection of the testimony of the witness on the first trial and that he sustained several objections of defendant to some of the testimony of the witness that was admitted in evidence with *503 out objection on the first trial. We mention this as additional assurance that the method followed in presenting the former testimony of the witness was not a cause of any injury to defendant.
There is no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.