orthopedic surgeon who testified as a medical advisor and he stated his conclusion that claimant had mild, generalized osteo-arthritis and that her condition was usual for a person of her age. Claimant testified in her own behalf as to her asserted physical disabilities.

The trial examiner concluded that the evidence did not establish that claimant's impairment was so severe as to disable her from gainful employment, that she should be able to return to her regular job in a textile plant and that she could also do other and lighter work which was readily available. This became the final decision of the Secretary.

Upon review of the record as a whole, we find substantial evidence to support the determinations of the Secretary and the decision below will be

Affirmed.

George B. Azar, Montgomery, Ala., for appellant.

Ben Hardeman, U. S. Atty., Jack B. Patterson, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

**Joe SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25506.**

United States Court of Appeals
Fifth Circuit.

April 11, 1968.

Rehearing Denied May 13, 1968.

PER CURIAM:

Joe Smith appeals from his perjury conviction in United States District Court for the Middle District of Alabama. The charge arose out of events that occurred during a habeas-corpus hearing in the same district court in which appellant alleged that he was not represented by counsel when he entered a guilty plea in state court to the charges of burglary and assault with intent to murder. The judge and prosecutor in the state court testified that he was represented by counsel, and a lawyer named W. T. Starnes said that he acted as Smith's attorney by court appointment. This testimony formed the basis

for the denial of habeas relief and also for the perjury indictment that eventually led to this conviction.

 Appellant's paramount attack on his perjury conviction is that the district court erred in admitting his original petition for writ of habeas corpus and testimony given at the habeas corpus proceeding because this evidence was prejudicial and irrelevant to the perjury charge. The case of Harrell v. United States, 5 Cir. 1955, 220 F.2d 516 forecloses this contention. There this court said that willfulness is an essential element of perjury and that a jury cannot determine whether false testimony was willfully given unless it has a complete understanding of the issues on trial at the time the alleged perjury was committed. See Luse v. United States, 9th Cir. 1931, 49 F.2d 241. We have also considered appellant's other contentions and find them equally without merit. Therefore, after careful consideration of the entire record, we are convinced that no reversible error was committed and that appellant's perjury trial was fair.

Affirmed.

**Franklin Folger SCOTT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 25066.

United States Court of Appeals
Fifth Circuit.

April 2, 1968.

Thomas F. Walsh, Savannah, Ga., for appellant.

Richard C. Chadwick, Bruce B. Greene, Asst. U. S. Attys., Savannah, Ga., for appellee.

Before BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The appellant was tried and convicted before *Miranda*. Because of errors not here pertinent he was granted a new trial, which took place after *Miranda*. On the retrial his statement, which did not meet *Miranda* standards, was admitted into evidence. This Circuit is committed to the principle that in a retrial after *Miranda*, following a pre-*Miranda* trial, the standards of *Miranda* are applicable. Gibson v. U. S., 363 F.2d 146 (5th Cir. 1966).

Reversed and remanded.