Argued May 8, reversed June 18, petition for rehearing
denied July 15, 1969

# STATE OF OREGON, *Respondent, v.*
# WALTER CHAPMAN, *Appellant.*

456 P2d 89

*James H. Lewelling,* Newport, argued the cause
and filed a brief for appellant.

*A. R. McMullen,* District Attorney, Newport, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and GOODWIN and HOLMAN, Justices.

HOLMAN, J.

Defendant appealed from a conviction of perjury. The claimed perjury arose out of defendant's testimony while being tried for the crime of contributing to the

delinquency of a minor. He was charged in the contributing case with removing the clothing, fondling the breasts, and having sexual intercourse on the 30th day of October, 1966, with a female under the age of 18 years. His testimony, which was claimed to have been perjury, was that on the 30th of October: (1) he did not see the prosecutrix at a certain residence, (2) he never went into the bedroom of that residence, and (3) he did not ask the prosecutrix to go for a ride with him that night.

Defendant's sole assignment of error was the giving by the trial court of an instruction to the jury to the effect that defendant's testimony, which was claimed to have been false, was material to the issues in the prosecution for contributing to the delinquency of a minor. He claims that there was no testimony which justified such an instruction.

The indictment and that part of the transcript which portrayed defendant's testimony were the only parts of the record in the contributing case which were introduced in evidence. Defendant's testimony in that case was not very revealing because the gist of it was a recounting of his actions on the 30th day of October and the denials for which he was indicted. There is no disclosure of how that part of his testimony which was specified as having been perjured concerned or was connected with the other evidence in the first prosecution.

The transcript of the testimony of the prosecutrix, who was the only other witness in the first case, was not introduced. Her testimony in the present case was as follows: she went from her home to the house next door to visit a friend who was taking care of some children. Defendant was there also. She and her friend went into a bedroom where they were dis-

cussing a book her friend was reading on marital relations. Occasionally they would not understand a word and would ask defendant about it and he would go into the bedroom and explain it to them. After a while defendant asked the prosecutrix if she would like to go for a ride with him. She replied that she would but indicated that her father was strict and would not approve if he saw her. Defendant told her to go out and get into his car and crouch down in the seat so that she could not be seen and that he would come out later. She followed his instructions and later he came out and got into the car. She said nothing about whether she had testified in the same manner in the first case nor did she testify concerning any resulting sexual play or activity.

The materiality of sworn testimony to the issues in the proceeding in which the testimony is given is a necessary ingredient of the crime of perjury. ORS 162.110(1) codifies the rule as follows:

"Any person authorized by any law of this state to take an oath or affirmation, or of whom an oath or affirmation is required by law, who wilfully swears or affirms falsely in regard to any *material* matter or thing concerning which such oath or affirmation is authorized or required, is guilty of perjury." (Emphasis ours.)

There are no Oregon cases which discuss in any depth what constitutes materiality in a perjury case. McCormick says that, generally, materiality refers to the relation between the propositions for which the evidence is offered and the issues in the case. McCormick on Evidence 315, § 152. At common law the testimony, to constitute perjury, must have been related to a material point tending to prove a fact bearing on the issues before the court. 3 Wharton, Crim-

inal Law and Procedure 673, § 1309. The apparent tendency of courts has been to make the requirement of materiality less stringent. Wharton states as follows at 675:

"The distinction between material and nonmaterial has been made less important by the trend of equating materiality to admissibility, that is, anything which is admissible as evidence is material even though it does not bear directly on the ultimate facts in issue or relate to the entire case, or even though it relates to matter which is circumstantial or collateral or to matter affecting the credibility of witnesses."

The rule relative to the materiality of testimony concerning details in collateral matters is stated by Wharton to be as follows:

"The fact that the statements related to details does not necessarily determine that they are not material and therefore that the witness stating them was not guilty of perjury. *The test which most courts favor is whether the statement made can influence the tribunal on the issue before it.* Thus, a statement is usually held sufficient to support a charge of perjury if it is material to any proper matter of inquiry, and if, furthermore, it is calculated and intended to bolster the testimony of a witness on some material point, or to support or attack the credibility of the witness, or if it is a link in a chain of circumstantial evidence, or supports a conclusion or opinion of the witness. ⁂ ⁂ ⁂." (Emphasis ours.) 3 Wharton, Criminal Law and Procedure, 676-677, § 1311.

At the same time Wharton says that the fact that the statements alleged to have been false were received in evidence is not determinative of their materiality. 3 Wharton 676.

No one has questioned whether the determination

of materiality was for the court. The question is whether there is sufficient evidence upon which to base a finding of materiality.

The state contends that any contact between defendant and the prosecutrix on October 30 was necessarily material because that was the date the indictment, which is in evidence, alleged the contributing occurred. We do not believe such an inference can be drawn. Unless a defendant claims an alibi for a particular time, such a crime can be proved to have occurred at any time prior to the return of the indictment which was within the statutory period of limitation. *State v. Poole,* 161 Or 481, 500, 90 P2d 472 (1939).

There is no way to tell what the evidence showed in the first case concerning when, how, or under what circumstances the crime of contributing was committed. Without knowing the context in which defendant's untruthful statements were made, it is impossible to tell whether they were offered to prove something which was sufficiently related to the issues in that case to have influenced the jury in its verdict. We are left to speculate as to the materiality of defendant's testimony. We do not believe it can be inferred that the prosecutrix's testimony in the contributing case was the same as her testimony in the present one.

The facts about which perjury was committed could have been such that they would have been material to a charge of contributing regardless of the context in which they occurred. The perjured testimony in this case was not about facts of that kind. There is nothing suggestive of sexual activity about defendant's being in a bedroom (not shown to have been with the prosecutrix), seeing her at a particular place on a cer-

tain day, or asking her to go for a ride. The nature of these activities is sufficiently innocuous that it cannot be inferred they were material to a crime of contributing, without showing a context in which they occurred. Had it been shown that the prosecutrix had testified in the first case as she did in the present case, an argument could be made that the activity in question was in such context that an inference could be drawn that sexual activity probably resulted from the automobile ride, and that anything resulting in sexual activity between the two was material to a charge of contributing regardless of when it occurred. As we have observed, however, there is nothing that justifies a conclusion that her testimony was the same in the first case.

Because of an absence of evidence supporting the element of materiality the instruction complained of should not have been given. The judgment of conviction is reversed and it is directed that defendant be released because there was insufficient evidence offered to constitute the crime of perjury.