STATE OF OREGON, *Respondent,*

*v.*

YOUNG PHILLIP CHIN, *Appellant.*

(No. 21949, CA 5527)

546 P2d 1095

*Agnes Marie Petersen,* St. Helens, argued the cause for appellant. On the brief were George G. VanNatta, and VanNatta & Petersen, St. Helens.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant, convicted upon trial by jury of driving under the influence of liquor, states in his brief on appeal that his "* * * only claim of error relates to a peculiarly horrible explanation of the concept of 'reasonable doubt' given by the Court while instructing the jury."[1]

The court first instructed the jury that in order to return a verdict of guilty, it was "* * * necessary that the State of Oregon prove, not only by competent legal evidence, but also prove beyond a reasonable doubt, each and every element of this offense * * *." The court then described the elements of the crime in a manner about which there is no dispute. Having done so, the court then defined "reasonable doubt," and it is this instruction which defendant describes as "peculiarly horrible." The court told the jury:

"A reasonable doubt—that means an honest uncertainty as to the guilt of the defendant. A reasonable doubt exists when, after careful and impartial consideration of all of the evidence in this case you do not feel convinced to a moral certainty that Mr. Chin is guilty. *A reasonable doubt is such as you people would be willing to act upon in the most important of your own affairs,* and that is, in this case, proof beyond a reasonable doubt is such as you people would be willing to act upon in your own affairs. Of course, this is the proof that the state must show." (Emphasis supplied.)

There is no doubt but that the italicized portion was

---

[1] The lengthy exception taken to the instruction which is at issue was couched in language that might well be described as pungent but not as terse or concise. This may have been the reason the court, in the course of denying the exception with what might well be described as asperity, stated:

"Right. Your exception was like my instruction.

"* * * * *

"[W]hen I was a young fellow learning how to play the accordion they said that if you make a mistake, you just keep going because if you stop, then everyone knows you have made a mistake * * *."

We only note that while it usually may be appropriate for accordion players to conceal their mistakes, it usually is appropriate for judges to correct theirs.

[ 715 ]

a misstatement. However, the next portion of the instruction corrects it. Considering the instructions as a whole, we are satisfied that it is unlikely that the jury was misled by the fact that the trial court inadvertently used the term "reasonable doubt" in a context in which "proof beyond a reasonable doubt" was intended, a mistake which, as noted above, the court immediately corrected.

Affirmed.

**FORT, J.,** dissenting.

The court instructed:

"A reasonable doubt—that means an honest uncertainty as to the guilt of the defendant. A reasonable doubt exists when, after careful and impartial consideration of all of the evidence in this case you do not feel convinced to a moral certainty that Mr. Chin is guilty. A reasonable doubt is such as you people would be willing to act upon in *the most important of your own affairs,* and that is, in this case, proof beyond a reasonable doubt is such as you people would be willing to act upon *in your own affairs.* Of course, this is the proof that the state must show." (Emphasis supplied.)

"The most important of your own affairs" does not mean and in my opinion is inconsistent with and describes a substantially greater test than "in your own affairs." The second part of the sentence cannot be reconciled with the first. The jurors were clearly left with two standards and there is no way of telling upon which they chose to rely.

In *State v. Miller,* 43 Or 325, 74 P 658 (1903), our Supreme Court said:

"Nor does the instruction first herein noted, announcing the correct rule as to the right of the accused to act upon appearances, cure the error. The instructions are not only wholly disconnected in context, but are in direct conflict, so that they cannot be read together as a harmonious and correct statement of the principle of law involved: *People v. Gonzales,* 71 Cal. 569 (12 Pac. 783); *Perkins v. State,* 78 Wis. 551 (47 N. W. 827); *State v.*

[ 716 ]

*Keasling,* 74 Iowa, 528 (38 N. W. 397). For these errors the judgment of the trial court must be reversed, and a new trial ordered." 43 Or at 333.

In *Taylor v. Lawrence,* 229 Or 259, 366 P2d 735 (1961), the court said:

> "The rule that instructions are to be viewed as a whole is invoked by counsel for the defendant and attention is called to the other instructions in which the court stated the law substantially as laid down in our decisions. But the difficulty here is that the instructions are contradictory because in one breath the jury were told that it is not necessary that the defendant know the risk involved because if the danger is obvious he will be presumed to be aware of it, and in the next breath they are charged that the plaintiff must show that the defendant was *consciously* unconcerned, etc. Inconsistent or contradictory instructions are erroneous and ground for reversal because it cannot usually be determined from the verdict what rule as given by the court the jury adopted. [Citations omitted; emphasis in original.]" 229 Or at 266.

*See also Smith v. Fields Chevrolet,* 239 Or 233, 236, 396 P2d 200 (1964).

The court here holds that the portion of the instruction italicized in its opinion was "a misstatement." I agree. It does not, however, discuss that while the next part of the instruction seeks to correct it, nevertheless, taken together with its concluding clause, it is itself contradictory and internally inconsistent in a wholly different way, and thus itself is erroneous as well.

In my view, therefore, the error pointed out by the majority combined with the one pointed out in this dissent requires the reversal of the judgment and the granting of a new trial. Since the parties have not seen fit to designate as a part of the transcipt on appeal any of the evidence produced in the trial court, one cannot speculate on whether the errors in the instruction were prejudicial, and thus must assume that they were. Accordingly, I respectfully dissent.