Argued March 1, affirmed March 21, reconsideration denied April 21,
petition for review denied June 14, 1977

STATE OF OREGON, *Respondent,*
*v.*
DAVID HYDE, *Appellant.*
(No. 31125, CA 6684)

561 P2d 659

Robert Mix, Corvallis, argued the cause and filed the briefs for appellant.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

Defendant appeals his conviction for perjury, asserting several rulings to have been erroneous.

First, he complains of the failure of the trial court to sustain his demurrer. The indictment charged as follows:

> "The said DAVID HYDE on or about the 11th day of February, 1976, in the County of Benton and State of Oregon, having been called as a witness before the Benton County District Court in the matter of the preliminary hearing in cases of State of Oregon v. Norman Francis Demers and State of Oregon v. Thomas S. Hanna did unlawfully and knowingly make a false sworn statement, to-wit: that the defendant did not act in concert with Norman Francis Demers or Thomas S. Hanna in the February 3, 1976, theft of money from the Awful Brothers Gas for Less service station, which is located in Corvallis, Benton County, Oregon, said statement having been given in regard to a material issue in said matter and the defendant well knowing said statement to be false * * *."

The first ground of the demurrer was that the indictment was insufficient to charge a crime because, as best we understand defendant's argument, there were no allegations demonstrating materiality. The second ground is that the indictment was not sufficiently definite and certain because the false statement was not set out verbatim. Verbatim pleading of the false testimony may be good practice, but is not always possible and the perjury statutes do not require it. Under our holding in *State v. Jim/White,* 13 Or App 201, 508 P2d 462, *rev den* (1973), the indictment is sufficient to charge a crime as prescribed by the perjury statute, ORS 162.065, including the element of materiality, and it is sufficiently definite and certain under ORS 135.737, which provides:

> "In an accusatory instrument for perjury, attempted perjury, solicitation of perjury or conspiracy to commit perjury it is sufficient to set forth the substance of the controversy or matter in respect to which the crime was

committed, in what court or before whom the oath alleged to be false was taken and that the court or person before whom it was taken had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the accusatory instrument need set forth neither the pleadings, record or proceedings with which the oath is connected nor the commission or authority of the court or person before whom the perjury was committed."

■ Next, the defendant complains of the failure to sustain objections to questions put to witnesses regarding allegedly false testimony of the defendant other than in the precise language of the testimony as described in the indictment. We are not aware of any such requirement, particularly in light of ORS 135.737, which allows the pleading of the "substance" of the testimony rather than the exact words. In any event, however, the objections, rulings and testimony are not designated as assignments of error in the brief and set out haec verba as required by Rule 6.18, Rules of the Supreme Court and Court of Appeals, and therefore we decline to consider them. *Castor v. Erlandson,* 277 Or 147, 560 P2d 267 (1977); *Roshak v. Leathers,* 277 Or 207, 216, 560 P2d 275 (1977); *State v. Burris,* 27 Or App 835, 557 P2d 701 (1976).

■ Defendant next complains that materiality was not proved and that the court erred in instructing the jury that materiality had been proved. Several witnesses testified that the defendant testified at the preliminary hearing in various particulars that he had not acted in complicity with two others, the defendants in that hearing, in the theft of money from a gas station at which defendant worked. At the very least, defendant's testimony regarding complicity was material to the preliminary hearing determination of whether the crime for which the defendants should be bound over was theft or robbery. In addition, the testimony would be material to determine whether defendant's testimony should be given credibility due to a victim or that due to an accomplice. The testimony was there-

fore material as a matter of law and the court properly so instructed the jury. *See State v. Chapman,* 253 Or 596, 599-600, 456 P2d 89 (1969).

Next the defendant complains that his motion for judgment of acquittal should have been granted because there was no proof that the defendant had been placed under oath prior to giving the allegedly perjurious testimony. He also complains that the court should not have instructed the jury as to the presumption of official regularity. Several participants in the preliminary hearing testified that all witnesses were sworn prior to their testimony in district court proceedings, although they had no specific memory of the defendant being sworn. A fact finder is authorized to infer from proof that an oath is routinely administered to district court witnesses, that the oath was administered to the defendant when he appeared as a district court witness. ORS 41.320 and 41.330. Furthermore, since a district judge is authorized to administer oaths and affirmations to witnesses, ORS 44.320, and a witness such as defendant can be heard only after having taken an oath or affirmation, ORS 44.310, the disputable presumption that official duty has been regularly performed, ORS 41.360, is applicable and the instruction was correctly given.

Defendant also asserts that his motion for judgment of acquittal should have been granted because of "inconsistency and contradiction in the state's evidence as to what the defendant was supposed to have testified to." The short answer is that it is for the jury, not the court, to resolve conflicting evidence.

Finally, defendant complains of the court's instruction to the jury defining reasonable doubt:

> "Reasonable doubt means an honest uncertainty as to the guilt of the Defendant. A reasonable doubt exists when, after careful and impartial consideration of all the evidence in the case, you do not feel convinced to a moral certainty that the Defendant is guilty. Proof beyond reasonable doubt is such as you would be willing to act

upon in the most important of your own affairs." *See* Oregon State Bar, Uniform Jury Instructions 221.01.

Defendant's exception was that the instruction authorizes a subjective judgment by the individual juror rather than an objective valuation such as would have occurred had the court substituted "a reasonable man" for "you." The criticism is over-sophisticated. Few jurors perceive a difference between the thought processes of a reasonable person and their own. Reasonable doubt is a difficult concept to define. The best the court can do is to impress upon jurors in an effective manner the solemnity of their decision and the magnitude of certainty with which they should act. Whether that is done by reference to "a reasonable man" or by reference to "you" does not affect the effectiveness of an instruction which otherwise conveys to the jury the required standard of conviction. So long as an instruction conveys that idea and is not clearly misleading, we will not overturn the verdict on that basis. *See State of Oregon v. Monk,* 199 Or 165, 193-195, 260 P2d 474 (1953). *Cf. State v. Chin,* 24 Or App 713, 546 P2d 1095, *rev den* (1976).

Affirmed.