600 So.2d 435 (1992)
Woodrow IKNER
v.
STATE.
CR 90-1723.
Court of Criminal Appeals of Alabama.
February 28, 1992.
Rehearing Denied April 17, 1992.
Certiorari Denied June 26, 1992.
*436 Barry Hess, Mobile, for appellant.
James H. Evans, Atty. Gen., and Yvonne A. Henderson, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1911196.
BOWEN, Judge.
Woodrow Ikner, the appellant, was convicted of perjury in the first degree. His sentence of five years' imprisonment was "split," with one year to be served in the county jail and four years on supervised probation. Although the appellant raises four issues on this appeal from that conviction, we need address only one.
This Court agrees with the argument of the appellant that his motion for judgment of acquittal should have been granted because the prosecution failed to prove that the false statement was material to the proceeding in which it was made.
The crime of perjury in the first degree is defined in Ala.Code 1975, § 13A-10-101:
"(a) A person commits the crime of perjury in the first degree when in any official proceeding he swears falsely and his false statement is material to the proceeding in which it is made."
Section 13A-10-101 "limit[s] perjury to materially false statements, which is in keeping with Alabama law." Commentary to Ala.Code 1975, §§ 13A-10-101 through 13A-10-103 at 402, and cases cited therein. "To constitute perjury, the matter falsely sworn to must be material to the issue in controversy. McDaniel v. State, 13 Ala.App. 318, 69 So. 351[, cert. denied, 193 Ala. 678, 69 So. 1018 (1915) ]. And the material matter sworn to must be false or it is not the subject of legal perjury. Winchester v. State, 20 Ala.App. 431, 102 So. 595 [(1925)]." Murry v. State, 367 So.2d 985, 989 (Ala.Cr.App.1978), cert. denied, 367 So.2d 989 (Ala.1979).
"A statement is `material,' regardless of the admissibility of the statement under the rules of evidence, if it could have affected the course or outcome of the official proceeding. It is no defense that the declarant mistakenly believed the falsification to be immaterial. Whether a falsification is material in a given factual situation is a question of law."
Ala.Code 1975, § 13A-10-100(2). "Regardless of the scope of the proceeding in which testimony is given, ... the test of materiality is essentially whether a truthful answer would have aided the inquiry." United States v. Cunningham, 723 F.2d 217, 226 (2d Cir.1983), cert. denied, 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984).
*437 The prosecution is not required to prove that the false statements actually influenced the outcome of the prior proceeding; "the determinative inquiry for materiality is `whether the false testimony was capable of influencing the tribunal on the issue before it.' United States v. Cosby, 601 F.2d 754, 756, n. 2 (5th Cir.1979) (emphasis supplied)." United States v. Carter, 721 F.2d 1514, 1535 (11th Cir.) cert. denied, 469 U.S. 819, 105 S.Ct. 89, 83 L.Ed.2d 36 (1984). "Mere potential interference with a line of inquiry is sufficient to establish materiality." United States v. McComb, 744 F.2d 555, 563 (7th Cir.1984). "A false statement is not material unless it is `"capable of influencing the tribunal on the issue before it."'" United States v. Bell, 623 F.2d 1132, 1134-35 (5th Cir.1980).
"In order to sustain a prosecution for perjury, under the laws of this state, it must be shown, by the usual measure of proof, that is to say, beyond a reasonable doubt, that the matter falsely sworn to is material to the issue or question in controversy, and no conviction can be based upon irrelevant or immaterial testimony, however false such testimony may be."
Pressley v. State, 18 Ala.App. 40, 41, 88 So. 291 (1921).
"Materiality looks to the relationship between the propositions for which the evidence is offered and the issues in the case. McCormick on Evidence, p. 315. Therefore it is necessary that the State prove the falsity of the statement in the prior proceeding and prove what the issue or point in question in the former proceeding was, so [that] the trial court can ascertain the materiality of the alleged false statement to the issue or point in question."
State v. Roberson, 543 S.W.2d 817, 821 (Mo.App.1976).
The basis of the indictment is the State's allegation that the appellant, as a police officer for the City of Monroeville, swore falsely when he denied signing the name of another police officer (Robert Champion) to a number of fingerprint cards allegedly collected in the investigation of burglaries that occurred at the Touch of Class Hair Studios on May 13, 1989, and at the Econ Eleven on June 15, 1989, in Monroeville, Alabama. There was only "one match" in each case, and each match belonged to William Sellers. In the Touch of Class burglary, the only evidence connecting Sellers to the burglary was the fingerprint and the testimony of an accomplice. R. 105. However, in the appellant's trial for perjury, there was no evidence that Sellers was ever convicted of either one of those burglaries. Although we may assume that Sellers had been convicted from the fact that there were Rule 20, A.R.Crim. P.Temp. (now Rule 32, A.R.Crim.P.), proceedings concerning him, there was no evidence that the Rule 20 proceedings involved these same burglaries. There was no evidence that the issue at the Rule 20 hearing was whether the fingerprints linking Sellers to the burglaries were fabricated. There was no proof that the fingerprints were in fact fabricated, although there was testimony that the prints were irregular. If the fingerprints were authenticated by any means at the Rule 20 proceedings, the appellant's testimony at that hearing that he did not sign another's name to the latent lift cards may have been immaterial. In fact, officer Robert Champion testified at the perjury trial that the appellant would have had the authority to put his name on a card that he had lifted, R. 244, although Champion did not recall making such a request of the appellant. R. 249.
At the perjury trial, the prosecution introduced into evidence the testimony of the appellant from the hearing on the Rule 20 petition for post-conviction relief. There was no evidence as to what that hearing concerned or what issues were involved in the Rule 20 petition. Although the prosecutor argued that the Rule 20 hearing was "the post-conviction remedy to throw out the man's case on the grounds that the fingerprints were forged," there was no evidence of that assertion presented at the appellant's trial for perjury. The arguments of trial counsel do not constitute evidence.
*438 It is impossible to determine whether the appellant's testimony that he did not sign Champion's name to the fingerprint cards was "material" because the State failed to introduce evidence establishing the background of the testimony. The appellee's argument that the purpose of the Rule 20 hearing can be "logically deducted" is erroneous. Our "suspicion" of the issues addressed at the Rule 20 hearing is based mainly on the prosecutor's argument at the perjury trial and does not rise to the level of a reasonable inference from the evidence. The prosecution may not prove an element of a charged offense by anything less than proof beyond a reasonable doubt. "[T]he possibility that a thing may occur is not alone evidence even circumstantially, that the thing did occur.... No rule is more fundamental or better settled than that convictions cannot be predicated on [surmise, speculation, and suspicion]." Parker v. State, 280 Ala. 685, 691-92, 198 So.2d 261, 268 (1967).
"Materiality is an essential element of an offense charged under 18 U.S.C. § 1623(a) [the federal perjury statute].... The test of materiality is `whether the false testimony was capable of influencing the tribunal on the issue before it.' ... The statements need not be material to any particular issue, but may be material to collateral matters that might influence the court or the jury in the decision of the questions before the tribunal.... To establish its case, the Government bears the burden of proving materiality.... In the usual perjury case, the Government meets its burden of proof either by entering the transcript of the prior proceedings into evidence, or by presenting testimony from persons who witnessed the proceedings. The issue is a question to be decided by the court and is not an issue for the jury to determine....
"In Damato's trial [for testifying falsely during an evidentiary hearing on motions to suppress,] a number of IRS agents unequivocally denied the assertions that he made during the hearing on the motions to suppress.... However, the Government did not introduce either the motions to suppress or any evidence indicating what issues the motions raised. The Government did introduce the portion of the transcript of the suppression hearing containing Damato's testimony, but his testimony was only a small portion of the entire record made at the hearing and does not reflect the issues that the motions to suppress raised....
". . . .
"We have read the record in an effort to determine whether sufficient evidence of materiality might be inferentially gleaned from it. It is true that the record is not entirely devoid of evidence hinting at the relationship between Damato's statements and the motions to suppress. The most telling bit of evidence tending to show the materiality of appellant's statements was testimony indicating that one of the motions to suppress was based on comments made by Damato.... However, the issue is not whether defendant's testimony in general was relevant, but whether the particular statements named in the indictment were material. On this point the record is absolutely barren: it contains not one iota of evidence that the motions were based in whole or in part upon allegations that the search was tainted by some illegal act committed by Damato with the Government's connivance. For aught that appears from the record, the motion might have been premised on some entirely unrelated theory, such as want of probable cause for the warrant. Thus, while the record provides some basis for suspicion and conjecture as to materiality, the evidence is clearly insufficient as to that element of the offense."
United States v. Damato, 554 F.2d 1371, 1372-74 (5th Cir.1977) (footnotes omitted).
"In prior decisions, this Court has suggested that the government may carry its burden by introducing the full transcript of the grand jury proceedings or by presenting testimony from anyone who witnessed the grand jury proceedings. United States v. Cosby, 601 F.2d 754, 757 (5th Cir.1979); Damato, 554 *439 F.2d at 1373. Although these are not the only methods by which the government may prove materiality, we have, by expressly disapproving of others, see, e.g., Cosby, 601 F.2d at 757-58, indicated that they are the preferred ones.4
4 `[W]e have generally looked with disfavor on prosecutions brought under Section 1623 [making a false statement to a grand jury] that have not used complete transcripts or testimony of members of the grand jury.' United States v. Cosby, 601 F.2d 754, 757 (5th Cir. 1979)."
United States v. Bell, 623 F.2d 1132, 1135 (5th Cir.1980).
"[A] jury cannot determine whether false testimony was willfully given unless it has a complete understanding of the issues on trial at the time the alleged perjury was committed." Smith v. United States, 392 F.2d 169, 170 (5th Cir.), cert. denied, 393 U.S. 941, 89 S.Ct. 308, 21 L.Ed.2d 278 (1968). See also Pressley v. State, 18 Ala. App. 40, 43, 88 So. 291 (1921). "[T]he issue of materiality may not be decided abstractly, without evidence or a proper factual basis before the court." State v. Albin, 104 N.M. 315, 720 P.2d 1256, 1259 (N.M.App.), cert. denied, 104 N.M. 246, 719 P.2d 1267 (1986). "[T]he materiality of the testimony on which perjury is assigned must be established by evidence and cannot be left to presumption or inference.... To prove materiality the State must introduce into evidence in a perjury trial enough of the records and testimony in the original trial to inform the trial court wherein and how the assigned testimony became material." State v. Roberson, 543 S.W.2d 817, 820 (Mo.App.1976).
"We simply cannot assume that the same murder was at issue. The State must prove in a perjury trial that the defendant's statements were material to the issue in question when the statements were made.... This is ordinarily done by the introduction into evidence of portions of the record of the proceedings at which the statements were made which would establish what the relevant issue was."
People v. Anderson, 14 Ill.Dec. 822, 57 Ill.App.3d 95, 372 N.E.2d 1101, 1104 (1978).
Here, there is nothing to indicate that the trial court took judicial notice of the entire transcript of the Rule 20 proceedings. The record contains no request that the court do so. "To blithely assume that judicial notice was taken under these circumstances would run afoul of ... appellant's due process rights." Damato, 554 F.2d at 1374. See also, Prather v. City of Hoover, 585 So.2d 257 (Ala.Cr.App.1991).
Here, the prosecution could have established the scope of the Rule 20 proceedings by any of a variety of means. Someone who observed the Rule 20 proceeding could have been called to establish the scope of the hearing, the attorney who represented the state at the hearing could have been called to testify, the transcript of the entire proceedings could have been introduced into evidence, or the Rule 20 petition for post-conviction relief could have been examined. See McComb, 744 F.2d at 564.
In ruling that the appellant's alleged perjured statements were material, the trial court erroneously assumed that the entire transcript of the Rule 20 proceeding was in evidence:
"THE COURT: All right. I've considered the matter [materiality], and, in fact, I think I asked for that argument [on materiality] because I wasn't aware of the fact that the entire transcript was in evidence." R. 368.
The judgment of the circuit court is reversed. Under Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), this cause must be rendered.
REVERSED AND RENDERED.
PATTERSON, P.J., and TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., dissents with opinion.
MONTIEL, Judge, dissenting.
I respectfully dissent from the majority opinion.
While it is true that a proper determination of the issue of materiality requires more than an excerpt, the complete transcript does not have to be introduced to the jury in order to establish materiality. *440 United States v. Dipp, 581 F.2d 1323 (9th Cir.1978). Dipp recognized "that materiality is a question of law to be decided by the court, not the jury." Further, the Dipp court stated that "the sufficiency of the evidence regarding materiality must be judged in terms of what was available to the judge." In Dipp, the complete transcript of the first trial was available to the judge at a pre-trial hearing, thus giving him the opportunity to consider the materiality issue. The presence of the entire transcript of the first trial and its consideration by the judge was sufficient on the issue of materiality even though only the allegedly false testimony was introduced to the jury. The Dipp court found the failure to introduce the complete transcript to the jury in order to establish materiality was not error.
In the instant case the judge in the perjury trial was also the presiding judge in the Rule 20 petition for post-conviction relief where the alleged false testimony took place. In ruling that the appellant's false statements were material, this judge obviously knew the scope of the proceeding. He had a complete understanding of the issues on trial at the time the alleged perjury was committed. The record reveals that the transcript from the Rule 20 proceeding introduced by the State was only the appellant's testimony. Nevertheless, this was sufficient, particularly since the judge in the perjury trial was also the presiding judge in the Rule 20 proceeding.
Because the trial judge was the same in both proceedings at issue, he obviously had a complete understanding of the entire record in the previous Rule 20 proceeding. This judge was in the best position to make this determination. Therefore, I do not believe the trial court's determination of materiality as a matter of law is in error; therefore, I dissent.